```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOUIS INGLESE                       :      CIVIL ACTION
                                    :
        v.                          :
                                    :
FIRST MONTAUK SECURITIES CORP.      :
and MONTAUK INSURANCE SERVICES,     :
INC.                                :      NO. 06-cv-00581-JF
```

## MEMORANDUM AND ORDER

Fullam, Sr. J.                                          June 21, 2006

The defendants have filed a motion to require plaintiff to submit his claims to binding arbitration. Plaintiff became a registered representative of First Montauk Securities Corp. in 1998, and continued in that capacity until late 2005. In becoming a registered representative, plaintiff filed the standard U-4 Form with the appropriate agencies, and also entered into an employment agreement with First Montauk, in which plaintiff became an "associate." In the U-4 documentation, plaintiff agreed to submit to binding arbitration any and all claims which were required to be arbitrated under the governing rules and regulations of the National Association of Securities Dealers ("NASD"). Under those rules, plaintiff was required to arbitrate all claims he might have against Montauk except "disputes involving the insurance business of any member which is also an insurance company." NASD Rule 10101 (2005). Thus, whether the U-4 registration required plaintiff to arbitrate the claims asserted in this action depends upon whether they are within the so-called "insurance exception."

According to plaintiff's complaint, a customer filed complaints before the NASD against plaintiff, another registered agent, and Montauk, charging them with wrongdoing in connection with investment advice they rendered.  The customer's claims were submitted to NASD arbitration, and resulted in an award against plaintiff, the other agent, and Montauk, jointly and severally, in the amount of $124,131.33 (the "Baker" award).

Montauk has paid the award, and has commenced an arbitration proceeding before the NASD to require plaintiff and the other agent to reimburse Montauk.  It appears that, under the terms of their respective employment agreements, the "associates" were required to indemnify Montauk against claims attributable to their conduct.

In the present case, plaintiff asserts that the defense of the Baker arbitration was handled by Montauk's general counsel and other attorneys obtained by him pursuant to an "errors and omissions" liability insurance policy paid for by plaintiff and obtained through Montauk.  According to plaintiff, the defense of the Baker arbitration was mishandled, the attorneys were laboring under clear conflicts of interest, etc., and Montauk is chargeable with bad faith.  The parties dispute whether plaintiff's claims are sufficiently related to an insurance business conducted by Montauk or a close affiliate of Montauk to fall within the "insurance exception" of the NASD regulations.

Plaintiff contends that he should be permitted to conduct discovery addressing that precise issue.  The defendants assert that plaintiff's claims cannot reasonably be interpreted as within the insurance exception, and that, in any event, where the applicability of the insurance exception is not crystal clear, "a presumption in favor of arbitration applies, and doubts in construction are resolved against the resisting parties."  In re Prudential Ins. Co. of Am. Sales Practice Litig., 133 F.3d 225, 231 (3d Cir. 1998).

I need not resolve this issue, because, under the unambiguous language of the "Affiliate Agreement" executed by plaintiff with Montauk, arbitration is required.  The Agreement provides:

> "Affiliate agrees that in connection with any and all disputes between the Company and Affiliate, the Company shall have the sole option to litigate such dispute in a court of law having appropriate jurisdiction or to submit the matter to binding arbitration.  If the Company elects to have a dispute submitted to binding arbitration, it shall do so either in accordance with the effective rules and procedures of and in the form of the NASD or the American Arbitration Association."

In some states, this one-sided arbitration clause may not be enforceable.  In Pennsylvania, an intermediate appellate court has ruled that such contracts are presumptively unconscionable and unenforceable.  Lytle v. City Financial Servs., 810 A.2d 643 (Pa. Super. Ct. 2002).  Our Third Circuit

Court of Appeals, which had earlier predicted that Pennsylvania law would follow a different path, see Harris v. Green Tree Fin. Corp., 183 F.3d 173 (3d Cir. 1999), has recently certified this precise issue to the Pennsylvania Supreme Court for a definitive ruling.  Salley v. Option One Mortgage Corp., 2005 WL 3724871 (3d Cir., Oct. 20, 2005).

If Pennsylvania law were to provide the rule of decision of this issue in the present case, it would be appropriate to await the decision of the Pennsylvania Supreme Court on the certified question.  But the Affiliate Agreement is governed by the law of New Jersey.  The Affiliate Agreement provides, at paragraph 7, "In all respects, this Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey."

New Jersey has adopted the Restatement (Second) of Contracts § 79, to the effect that "if the consideration requirement is met, there is no additional requirement of gain or benefit to the promissor, loss or detriment to the promissee, equivalence in the values exchanged, or mutuality of obligation."  Shebar v. Sanyo Bus. Systems Corp., 544 A.2d 377, 383 (N.J. 1988); see also Delta Funding Corp. v. Harris, 396 F.2d 512 (D.N.J. 2004).

I therefore conclude that defendant's motion to compel arbitration must be granted.  An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
LOUIS INGLESE                    :    CIVIL ACTION
                                 :
         v.                      :
                                 :
FIRST MONTAUK SECURITIES CORP.   :
and MONTAUK INSURANCE SERVICES,  :
INC.                             :    NO. 06-cv-00581-JF
```

ORDER

AND NOW, this 21st day of June 2006, IT IS ORDERED:

1. Defendants' Motion to Compel Arbitration and Stay Of Judicial Proceedings is GRANTED. All claims asserted by plaintiff in this action must be decided by arbitration, in accordance with the provisions of the governing contracts.

2. Plaintiff's "Motion for an Evidentiary Hearing Or, In the Alternative, to Allow Discovery" is DENIED.

3. The Clerk is directed to close the file.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam, Sr. J.